Reed, P. J.,
delivered the opinion of the court.
Defendant in error brought suit to recover the value of a Jersey cow alleged to have been killed by an engine of the plaintiff through negligence. An answer of general denial ■and contributory negligence was filed.
'On August 13,1894, the case was tried ex parte by the ■court, without a jury, the plaintiff appearing in person and *291 by counsel, the defendant corporation not having been represented. The court found for the plaintiff in the sum of $100, for which judgment was entered, from which error was prosecuted to this court.
The only ground urged for reversal is novel. I can find no precedent, and the conclusion of this court must be based upon grounds of right and justice, in the absence of decided cases. On the 26th of June, counsel for both parties being present, the case was set for trial on August 13th, with the understanding that if counsel for the defendant was necessarily absent from the county, and in Arizona or New Mexico, where he had business in settling an estate of which he • was administrator, that the case should on that date be reset for trial at some subsequent time; that the judge of the court stated “ that he knew it was necessary for counsel to be absent to attend to the business of the estate,” and counsel for plaintiff said that in case counsel “ was necessarily absent, the case could be continued until such time as counsel could be present; ” that soon after that date counsel went to Arizona on business connected with the estate, also to New Mexico, returned to the city of Trinidad on August 7th, remained but one day, and left again for New Mexico ; that on that date (August 7th) he saw the judge of the court and informed him “ that it would be impossible to be present on the 13th day of August, at the time said cause was conditionally set for hearing, and then and there asked said county judge to continue said cause until such time as affiant could return and attend the trial thereof, and then and there asked said court if, under the agreement of counsel made in open court, defendant’s rights would be protected; that the said county judge then and there stated to affiant that “It would be all right, that the interest of the defendant in said cause would be protected against a default upon the grounds that affiant was necessarily absent on important business for said estate; ” that counsel did not see the opposing counsel, nor notify him of his inability to try the case on August 13th, and that he left for .New Mex *292 ico on the evening of the 7th, and did not return until some time after the date of the trial. There was no controversy in regard to the facts. They were set up by verified motion to set aside the judgment, and supported by an additional affidavit. The motion alleged the contract made in open court with opposing counsel, the interview with the court on August 7th, and that by reason of the premises the defendant was not represented; alleging that defendant had good and sufficient defense to the action in law and fact, and deposited money in court to pay the accrued costs. The court denied the motion to vacate the judgment, but made the following certificate:
“On or about the 26th day of June, Mr. Gordon, as attorney for plaintiff, and Mr. Stevens, as attorney for defendant, appeared in court and agreed that this cause should be set down for the 18th day of August, Mr. Stevens stating at the time that he was compelled to be away from the state on account of business connected with his duties as administrator of the Sam Doss estate, but was perfectly willing to try the cause upon that day if he would be in town. There was other conversation that passed between the plaintiff’s and defendant’s attorneys that I cannot now recall. And that on or about the 7th day of August Mr. Stevens called on me in my office and stated that urgent business connected with the Doss estate would compel him to leave town upon that day, and that he would have to go down into New Mexico, and that it would be impossible for him to be in attendance on the trial of this cause set for the 13th day of August, and requested me to see that no advantage was taken of him in his absence. I said to Mr. Stevens that I would protect him in all his rights in the matter, and I feel confident that I led him to believe that there would be no trial of the cause upon that day in case of his absence. On the day of the trial, the 18th day of August, Mr. Gordon appeared with his witnesses, and I stated to Mr. Gordon that Mr. Stevens had, on or about the 7th of the month called upon me and stated that urgent business would compel him *293 to be absent from the trial of this cause and that I had promised Mr. Stevens that I would see that no advantage would be taken of him during his absence. Mr. Gordon insisted that Mr. Stevens had agreed with him that in case he would not be present at the trial of the cause on the 13th, that he would give him notice, that he had left town without giving him any notice, that he had brought his witnesses here and that he insisted upon the trial of this cause. The court, relying upon this statement as being true, felt that he could not deny the right of the trial of the cause. I said to Mr. Gordon to prepare this judgment and to note Mr. Stevens’ exceptions of it, and that the court would preserve any and all rights he would have to an appeal. This statement was made in open court immediately after the trial of this cause and in the presence of Mr. Gordon, and no objection was made thereto on the part of Mr. Gordon.
“ I hereby certify that the above and foregoing is a true statement of all the facts connected with the sitting and trial of this cause not otherwise shown by the record herein, and not including the evidence of the witnesses produced at the said trial.
“ Given under my hand and seal this the 1st day of September, 1894.
“ W. G. Hines, County Judge. (Seal.)”
Which fully corroborates the statement of counsel in the motion and affidavit.
It readily appears that the trial upon August 13th was to depend upon the ability of counsel for defendant to be present. In other words, the setting the case for trial on that date was not absolute, but conditional, and was so understood by the court and opposing counsel; and, although due courtesy might have required notice in advance of the inability of the defendant to try the case on that date, it was not a part of the stipulation or agreement, and the right of the defendant to a continuance could not be denied for want of such notice. The judge in his certificate says, “ I feel confident that I led *294 him to believe that there would be no trial of the cause upon that day in case of his absence.” Good faith required both opposing counsel and the court to respect the agreements made. The fact that plaintiff had his witnesses there and was ready was no reason for violating agreements. The court should have continued the case, and if counsel for want of notice had incurred expense, the continuance could have been made upon terms that would have covered such expense. In cases of this kind, dependent entirely upon questions of fact, defendant should not be precluded from making defense. That it was misled, and a judgment obtained against it through no fault of counsel, is apparent.
To set aside the judgment and afford opportunity to defend were clearly in the discretion of the court, and in the statement of the court it appears that, in justice to the defendant, the motion to vacate the judgment should have been granted, and a trial of the case had upon the merits. To refuse it was an abuse of discretion, for which the judgment will be reversed.

Reversed.